Ricardo J. BORDALLO, Governor of
Guam, Plaintiff,

v.

Tony REYES, Taro Kanai, Roberto
Olaya, and Carl Peterson,
Defendants.

Civ. No. 83–0095.

United States District Court,
D. Guam.

Feb. 8, 1984.

Nancy Nye, Asst. Atty. Gen., Agana, Guam, for plaintiff.

Gary Hull, Baumann & Hull, Agana, Guam, for defendants.

## MEMORANDUM ORDER

DUENAS, District Judge.

On December 13, 1983, Ricardo J. Bordallo, Governor of Guam (hereinafter referred to as "Governor"), filed a complaint for Injunction and Declaratory Relief. Named as defendants in this action are Tony L.G. Reyes, Taro Kanai, Roberto Olaya, and Carl Peterson, directors, elected by the existing Guam Visitors Bureau (hereinafter referred to as "GVB"). It is the contention of the Governor that GVB is an instrumentality of the Government of Guam. The injunctive relief sought by the Governor had earlier been denied by the Court and the only issue remaining before the Court is one for declaratory relief.

Public Law 17–32, as enacted by the Guam Legislature, became effective on November 22, 1983, when the Legislature agreed to pass the bill, notwithstanding non-approval of the measure by the Governor, by a vote of two-thirds of all the members of the Legislature.

Public Law 17–32 repealed Chapter 1 of Title 34 of the Government Code of Guam. Title 34 (Sections 38000–38005) was enacted by the First Guam Legislature on July 5, 1952, under Public Law 67. Section 4 of Public Law 67 provides:

"The Guam Visitors Bureau shall be a non-profit organization formed for the purpose of promoting the establishment of travel industries on Guam and whose constitution and bylaws and amendments thereof, shall be approved by the Governor."

Public Law 17–32 enacted Article 1 of Chapter 9 of Title 12 of the Guam Code Annotated (GCA). Article 1 consists of Sections 9101 to 9115, inclusive.

Under Section 9102, GVB is established as a public corporation.

"Section 9102. Creation. There is hereby created a public corporation to be known as the 'Guam Visitors Bureau' as hereinafter provided. The corporation shall be a non-stock, non-profit membership corporation to be governed in accordance with the applicable general corporation laws of the Territory of Guam, except as provided otherwise by this Article. No articles of incorporation shall be required; this Article shall be its charter."

It is the Governor's contention that Public Law 17–32 is a nullity, specifically Section 9106 setting forth the composition and appointment of the Board of Directors as such is a derogation of his authority to supervise and control an instrumentality within the Executive Branch of the Government of Guam. 48 U.S.C. § 1422.

Section 9106 provides:

"Section 9106. Board. (a) The exercise of the powers of the Bureau shall be directed by the Board of Directors composed of nine (9) members selected in accordance with this Section. Four (4) directors, referred to as 'appointed directors' shall be members and shall be appointed by the Governor with the advice and consent from the Legislature. One of the appointed directors shall be a commissioner or assistant commissioner selected by the Commissioner's Council. Four (4) directors, referred to as 'elected directors' shall be contributing members in good standing elected by the membership. The four (4) appointed and four (4) elected directors shall then select the ninth (9th) director by a vote requiring concurrence of six (6) of the directors. The ninth (9th) director shall be actively and directly involved in the tourism industry. The Board of Directors shall elect from amongst its body a chairperson and vice-chairperson. The ninth director from a previous board shall not be held over solely to act as the ninth director of a new board. The ninth director of a previous board may be appointed as the ninth director of any subsequent board as set forth herein."

Section 1422 of 48 U.S.C. provides in part:

"The Governor shall have general supervision and control of all the departments, bureaus, agencies, and other instrumentalities of the *executive branch* of the government of Guam."

Counsel for the Governor, in his oral argument, contended that under the Organic Act of Guam the only governmental entity duly established by the Act are the three branches of the Government of Guam: Executive, Legislative, and Judicial. Counsel for the Governor further contended that, in the absence of any specific provision within the context of Article 1, Chapter 9, Title 12, GCA, which squarely places GVB within the purview of the legislative or judicial branches of the Government of Guam, GVB is an instrumentality of the Executive Branch of the Government of Guam.

To buttress his contention that GVB is an instrumentality of the government, as well as one within the Executive Branch, the Governor cited certain provisions of Article 1 (12 GCA Chapter 9).

■ A. GVB shall have the power to adopt such rules and regulations pursuant to the Administrative Adjudication Act.[1]

Section 9105.

"Section 9105. Powers.

The Bureau shall have and exercise each and all of the following powers.

(a) ...

(b) ...

(c) ...

(d) ...

(e) Adopt such rules and regulations pursuant to the Administrative Adjudication Act as may be necessary for the exercise of the powers and performance of the duties conferred or imposed upon the Bureau or the Board or the Board by this Article; (Underscoring supplied.)

Since the Administrative Adjudication Act excludes in its application the legislative and judicial branches of the Government of Guam, the Governor concludes that by virtue of subsection (e), *supra,* GVB falls within the Executive Branch.

The term "agency," as defined in the Act, means a board, commission, department, division, bureau, or an officer of the territory of Guam authorized by law to make rules or adjudicate contested cases. It may be argued, however, that despite the non-inclusion of "public corporations" in such definition the legislature, by virtue of Section 9105(e), made it applicable to GVB.

Section 9105(e) did not mandate GVB to adopt rules and regulations under the Administrative Adjudication Act. It merely empowers GVB to do so, if necessary, for *the exercise of the powers and performance or duties conferred upon it by* Article 1, Chapter 9 of 12 GCA.

The basic purpose of the Administrative Adjudication Act is to provide a forum for adjudication of contested cases within the purview of a department, board, commis-

---

**1.** Administrative Adjudication Law, Title XXV, Government Code of Guam.

"*Section 24002.* Agency. The word 'agency' whenever used in this Title shall mean and include any board, commission, department, division, bureau or officer of the territory of Guam authorized by law to make rules or to adjudicate contested cases. Agency does not include *any entity in the legislative or judicial branches* and for purposes of establishing charges for utility services, it does not include Guam Power Authority, Guam Telephone Authority or the Public Utility Agency of Guam."

"*Section 24007.* Rule. The word 'rule' means any rule, regulation, standard, classification, procedure or requirement of any agency, designed to have or having the effect of law or interpreting, supplementing or implementing any law enforced or administered by it or to govern its organization or procedure, but *does not include* regulations, resolutions or directions relating solely to internal policy, internal agency organization or internal procedure which do not directly affect the rights of or procedures available to the public and does not include 'administrative adjudication'."

"*Section 24008.* Administrative Adjudication. 'Administrative adjudication' means that administrative investigation, hearing and determination by any agency of issues or cases applicable to particular parties."

"*Section 24100.* Applicability. The procedure of any agency pursuant to the provisions of this Title in any proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after an agency hearing."

sion, division, bureau, or an officer of the territory. The adoption of rules under the Act is geared primarily to procedures and practices governing administrative adjudication of contested cases before an administrative forum, a quasi-judicial body, whose decisions could then be reviewed by a court of competent jurisdiction. This administrative adjudicative process as it relates to GVB is obviated by legislative provisions subjecting GVB to be sued in the first instance in a court of law.

As to other rules and regulations, outside the basic purpose of the Administrative Adjudication Act, such are amply covered by Section 9105(d) which provides as follows:

"(d) Adopt, amend and repeal reasonable by-laws, and other rules, regulations and directives, pursuant to the general corporation laws of the Territory of Guam, as may be necessary for the conduct and administration of its activities and the exercise of the powers and performance of the duties conferred or imposed upon the Bureau or the Board by this Article;"

Section 9105(e) is meaningless and has no proper stance or relevancy within the corporate structures of GVB as chartered by the Guam Legislature.

■ B. Under Section 3 of Public Law 17–32 and Section 9110 of Article 1, employment of GVB personnel shall be pursuant to the provisions of 4 GCA Section 4105.[2]

"Section 9110. Employment.

(a) Pursuant to the provisions of 4 GCA Section 4105, the Board shall establish rules and regulations governing selection, promotion, performance evaluation, demotion, suspension, removal and other disciplinary action for the employees of the Bureau."

Under Section 4105 all the listed boards and authorities are mandated to adopt personnel rules. Of all the listed boards and authorities adopting personnel rules, only the University of Guam, Guam Airport Authority, Guam Telephone Authority, Port Authority of Guam, Guam Power Authority, Department of Education, Guam Memorial Hospital, and the Guam Visitors Bureau are further mandated or required by their rules to provide that all their classified employee appeals be heard by the Civil

---

**2.** Section 3 of Public Law 17–32 amended Section 4104 of 4 Guam Code Annotated to include GVB. As amended, Section 4104 reads as follows:

"*Section 4104. Department Personnel Rules.*

Rules subject to criteria established by this Chapter governing the selection, promotion, performance evaluation, demotion, suspension and other disciplinary action, shall be adopted by the Board of Directors for the Guam Airport Authority, Board of Directors for Guam Economic Development Authority, Board of Directors for Guam Housing Corporation, Board of Commissioners for Guam Housing and Urban Renewal Authority, Judicial Council, the Board of Directors of the Guam Telephone Authority, the Board of Directors of the Port Authority of Guam, the Board of Directors of the Guam Power Authority, the Board of Education, the Board of Regents of the University of Guam, the Guam Community College Board of Trustees, the Board of Trustees of the Guam Memorial Hospital Authority, and by the Board of Directors of Guam Visitors Bureau with respect to personnel matters within their respective branches, agencies or departments, and by the Director of Administration as to all other Executive Branch employment. Such rules shall, to the extent practicable, provide standard conditions for entry into and other matters concerning the government service. The personnel rules adopted for University of Guam, Guam Airport Authority, Guam Telephone Authority, Port Authority of Guam, Guam Power Authority, Department of Education, Guam Memorial Hospital Authority, Guam Visitors Bureau and by the Director of Administration shall require that all their classified employee appeals be heard by the Civil Service Commission. The personnel rules adopted for the Judiciary Branch by Judicial Council shall require that all their classified employee appeals be heard by the Council. Personnel rules governing any other Executive Branch entities may require that their classified employee appeals be heard by the Civil Service Commission. Rules concerning the Executive Branch shall take effect upon their approval by the Civil Service Commission, by Executive Order of the Governor and filing with Legislative Secretary. Rules concerning the Judicial Branch shall take effect upon adoption by the Judicial Council of Guam."

**1132**

Service Commission. Section 4105 further provides that "as to all other Executive Branch employment" personnel rules shall be adopted by the Director of Administration [Department within the Executive Branch]. The rules to be adopted by the Director of Administration shall also provide that classified employees *"as to all other Executive Branch employment"* shall have their appeals heard by the Civil Service Commission. Section 4105 further provides:

"Personnel rules governing *any other Executive Branch entities may require* that their classified employee appeals be heard by the Civil Service Commission."

The personnel rules to be promulgated or adopted under Section 4105 cover employees under four different groups: *Judiciary, Boards and Authorities, Executive Branch employment,* and *Executive Branch entities.*

Under the rules of some Boards and Authorities, classified employees are expressly given rights of appeals to the Civil Service Commission, but such expressly given rights of appeal are silent as to the rules of other boards. Employees of "other Executive Branch employment" are given rights of appeal to the Civil Service Commission.

As to the employees "of the other Executive Branch entities," their rights to appeal to the Civil Service Commission rest upon the discretion of the authority adopting personnel rules whoever it may be.

Once again, counsel for the Governor contended that since GVB is distinguished from the Judiciary under Section 4105, it follows that GVB and, presumably, the other listed boards and authorities, the Executive Branch employment, and the Executive Branch entities are all part of the Executive Branch of the Government of Guam.

Such a contention is without merit. It is untenable considering the nebulous structure of Section 4105.

C. Employees of GVB are members of the Government of Guam Retirement Fund.

Section 9110 of Article 1 provides:

"Section 9110. Employment.

(a) ...

(b) Employees of the Bureau, excluding the Directors, and the General Manager, shall be members of the Government of Guam Retirement Fund, subject to the provisions of 4 GCA Section 8105...." [3]

---

**3.** Section 8105 is a part of Guam's laws relating to retirement of public employees contained in 4 Guam Code Annotated, Chapter 8 which provides as follows:

"*Section 8101. Retirement Fund: Purpose.*
The purpose of the Fund is to provide retirement annuities and other benefits for the employees of the government of Guam who become aged or otherwise incapacitated, and widows' annuities and other benefits to the dependents of such employees, thereby enabling the employees to accumulate reserves for themselves and their dependents to meet, without prejudice or hardship, the hazards of old age, disability, death and termination of employment, with the objective of encouraging qualified personnel to enter and remain in the service of the Government, thus effecting economy and efficiency in the administration of the Government.

"*Section 8102. Same: Title.*
The Fund hereby created shall be known as the 'Government of Guam Retirement Fund.' In such name or for the account thereof, all of *its* business shall be transacted, all of its money invested and all of its cash, securities and other property shall be held.

"*Section 8104. Definitions.*
Word and phrases, wherever used in this Chapter, unless a different meaning is clearly indicated by the context, shall have the following meanings:
(a) 'Fund' shall mean the 'Government of Guam Retirement Fund.'
(b) ...
(c) 'Employee' shall mean any person in the employ of the Government, in all occupational classifications, including a person whose work is classified as casual or temporary.
(d) ....
"*Section 8105. Fund: Members.*
The following employees shall be members of the Fund and subject to the provisions hereof:
(a) All employees regardless of age or length of service, in the service of the Government on operative date, *shall* become members of the Fund by virtue of their employment.
Any person who shall be on an approved leave of absence on the operative date, on account of disability or military service, shall be subject to membership as of such date, as though he were in active service. If such

It is readily ascertainable from a reading of Section 8105 that there is a distinction between employees of the Government of Guam and employees of public corporations.

"Employee," as used in Section 8105, is defined under subsection (c) of Section 8104 to mean any person in the employ of the Government.

Under subsection (b) of Section 8105, all employees of the Government of Guam *shall become members of the Fund as a condition of employment.*

An employee of a *public corporation,* such as GVB, has the *option of accepting or rejecting membership* and shall become a member only upon submission of a written request to the Board for membership. *Subsection (d), Section 8105.*

Other public corporations, such as the Guam Airport Authority, Guam Telephone Authority, Guam Power Authority, Port Authority of Guam, Public Defender Service Corporation, have all provided that their employees become members of the Government of Guam Retirement Fund.

The Guam Power Authority so provided as follows under Section 8118 of Chapter 8, 12 GCA:

"*Section 8118. Employment.*

(a) ...

(b) Employees of the Authority excluding the Directors, shall be members of the Government of Guam Retirement Fund, subject to the provisions of 4 GCA Section 8105, except that for the purposes of Subsection (a) of said Section, the employees of the Authority shall not be considered employees of a 'public corporation' whereby their membership in the Fund is optional and membership

therein must be specifically requested...."

Similar provisions are contained in the membership sections for the Guam Telephone Authority, Port Authority of Guam, and the Public Defender Service Corporation. May it be noted that the entitlement to membership of GVB employees in the Government of Guam Retirement Fund is optional under Section 8105(d), unlike employees of the other Authorities.

■ The contention of the Governor that by virtue of Public Law 17–32 making GVB employees members of the Government of Guam Retirement Fund GVB, thus, automatically became an instrumentality of the Executive Branch of the Government of Guam is untenable and must fail. Contrariwise, the retirement law clearly indicates that employees of public corporations are not employees of the Government of Guam.

In its totality, the Governor has failed to prove that, by virtue of the applicability of the Administrative Adjudication Act, the Personnel Rules provisions of 4 GCA, Chapter 4, Section 4105, as amended by Section 3 of Public Law 17–32, and the laws relating to Retirement of Public Employees under 4 GCA, Chapter 8, GVB is an instrumentality of the Executive Branch of the Government of Guam.

Under Public Law 17–32, GVB is chartered by the Seventeenth Guam Legislature as a public corporation.

Aside from the discussions of whether GVB is an instrumentality of the Executive Branch of the Government of Guam because of its being intertwined with other Guam statutory provisions, *supra,* could GVB still be designated as an instrumental-

---

leave of absence was for any other cause, such person shall be subject to membership as of the operative date only if the leave of absence shall have extended, in the aggregate for less than one (1) year at the operative date.

(b) All persons becoming employees after the effective date, *shall become members as a condition of their employment,* provided they are under the age of sixty (60) years on the date of entry into service.

(c) ...

(d) An *employee of a public corporation of the Government* or of the University of Guam shall have the option of accepting or rejecting membership and *shall become a member only upon submission of a written request to the Board for membership.*

(e) ...

[Source: Section 4204 GC; Subsection (d) amended by P.L. 13–194; ....]

ity of the Government of Guam and, more specifically, an instrumentality of the Executive Branch of the Government of Guam within the coverage of 48 U.S.C. Section 1422, merely by virtue of its status as a public corporation?

It could not be ascertained from the statutes of Guam what a public corporation really is. Nowhere within the context of said statutes is "public corporation" defined, despite the creation of a dozen or so public corporations by the various Guam Legislatures since the inception of the Government of Guam under the Organic Act of Guam. Neither is the term "instrumentality" or "instrumentality of government" anywhere defined within local statutory context, though the term "instrumentality" was mentioned in connection with some of the public corporations created under local laws. Instrumentality, as the term is used in 48 U.S.C. Section 1422, is also devoid of definition.

Illustrative of the establishment or creation of public corporations, pursuant to 12 GCA, Chapters 1 to 8, 10 and 11, is the following:

A. The *Guam Airport Authority (GAA).* (Chapter 1, Section 1102)

"There is within, and a public corporation an autonomous instrumentality of, the government of Guam called the Guam Airport Authority."

B. The *Guam Economic Development Authority* (GEDA) (Chapter 2, Section 2101)

"There is hereby created a public corporation to be known as 'Guam Economic Development Authority'...."

C. The *Guam Educational Telecommunications Corporation* (GETC) (Chapter 3, Section 3102)

"There is hereby created a public corporation to be known as the 'Guam Educational Telecommunications Corporation'...."

D. *Guam Housing Corporation* (GHC) (Chapter 4, Section 4101)

"In order to promote the general welfare of the inhabitants of the territory of Guam through the improvement of hous-ing standards in Guam, there is created a body corporate to be known as the Guam Housing Corporation ... The Housing Corporation shall be subject to the general direction of the Governor of Guam."

E. *Guam Housing and Urban Renewal Authority* (GHURA) (Chapter 5, Section 5, Section 5103)

"(a) There is hereby created a public body corporate and politic to be known as the 'Guam Housing and Urban Renewal Authority.'"

F. The *Guam Mass Transit Authority* (GMTA) (Chapter 6, Section 6201)

"There is hereby created the Guam Mass Transit Authority, a public corporation...."

G. *Guam Telephone Authority* (GTA) (Chapter 7, Section 7103)

"There is within, and a public corporation and autonomous instrumentality of the government of Guam, a Guam Telephone Authority."

H. *Guam Power Authority* (GPA) (Chapter 8, Section 8103)

"There is within, and a public corporation and autonomous instrumentality of, the government of Guam, a Guam Power Authority."

I. *Port Authority of Guam* (PAG) (Chapter 10, Section 10102)

"There is hereby established the Port Authority of Guam as a public corporation and autonomous instrumentality of the government of Guam."

J. *Public Defender Service Corporation* (PDSC) (Chapter 11, Section 11103)

"In order to provide effective legal aid and assistance to those persons in Guam who are unable to afford counsel, there is created a public corporation to be known as Public Defender Service Corporation."

Other corporations created by the Legislature are:

A.A. The *Guam Territorial Law Library* (GTLL) (Title XXIX, Chapter 2, Section 28500(a), Government Code of Guam)

"(a) A non-profit public corporation 'The Guam Territorial Law Library' is hereby chartered."

B.B. The *University of Guam* (UOG) (17 GCA, Chapter 16, Section 16101)

"There is established in the territory of Guam a non-membership, non-profit corporation, which shall be known as the 'University of Guam.'"

Public corporations such as GAA, GTA, GPA, and PAG, *supra*, are the only public corporations wherein each one is specifically designated as an *instrumentality of the government of Guam*. It is construed that the legislature, in expressly designating each one of the four public corporations as an instrumentality of the government, had determined that the other public corporations not so designated are not instrumentalities of the government. Ergo, GVB is not an instrumentality of the Executive Branch of the government.

Absent definitions of "public corporation" and "instrumentality of government" in our local statutes, a determination of what a public corporation and instrumentality of government has to be made.

Generally, a public corporation is organized for certain governmental purposes, such as counties, townships, school districts, cities, and incorporated towns, the so-called *municipal* or *political corporations*. Guam's public corporations cannot be categorized as public corporations in the true sense of municipal corporations.

Guam's legislatively-created public corporations are not public in the sense of being organized for governmental purposes; nevertheless, their operations contribute to the comfort, convenience, or welfare of the general public. They perform functions ordinarily undertaken by private enterprises such as electric, telephone, and water companies. In essence, these private enterprises are said to be "affected with a public interest" and, for that reason, they are subject to legislative regulation and control to a greater extent than corporations not of this character. These are usually designated as "public service corporations" or "quasi-public corporations."

Because of the non-availability of such private enterprises to perform the functions of public service corporations, it became necessary to create public corporations to perform the functions of public service corporations. In a real sense, such public corporations—GTA and GPA, *supra* —perform the functions of public service corporations. The same is true of the Public Utility Agency of Guam (PUAG) as to water supplies and distribution, although PUAG is not a public corporation.

On matters of public transportation, ordinarily such matter is handled by a private company on an exclusive franchise basis; but in the absence of a private company undertaking the responsibility, the GMTA, *supra*, is created to cover the alleged basic public necessity.

On matters of financing and housing, there is GEDA, *supra*, which ventures into financing in certain aspects, despite the availability of financial institutions. Justification of the existence of such is based on a basic need to lure private enterprises to come to Guam which in the end will inure to the benefit of the people of Guam. The operation of such, however, is not to compete with private financing institutions, but to supplement a need where private institutions will not readily venture. The GHC, *supra*, is duly established to cater to the needs of a certain segment of the public in matters of housing where such needs could not be served by private institutions. Though it could be concluded that Guam's public corporations do not primarily perform governmental function; nevertheless, they cater to certain needs and convenience of the public. GVB as a public corporation fits within one of these categories. It does not perform any governmental function. To maintain that it is an instrumentality of the Executive Branch of the government, though devoid of governmental functions, defies the basic concept of government.

## IS GVB AN "INSTRUMENTALITY" OF THE GOVERNMENT?

In a North Carolina case where "instrumentality of government" was determined

on the issue of immunity from taxation, the court held that important factors to be considered in determining whether an agency is an instrumentality .of government were the following: Was the agency created by the government, wholly owned thereby, is not operated for profit, and is primarily engaged in performing essential governmental function? *Unemployment Compensation Commission of North Carolina v. Wachovia Bank and Trust Co.*, 2 S.E.2d 592, 595, 596, 215 N.C. 491.

If the *Wachovia* factors are to be applied, obviously GVB is not an instrumentality of the Government of Guam.

■ As chartered by the Seventeenth Guam Legislature, GVB is a public corporation. It is a non-stock, non-profit *membership* corporation governed according to applicable general corporation laws of Guam. Section 9102, *supra.*

The membership of this public corporation (GVB) is contained in Section 9112, which states as follows:

"Section 9112. Members. (a) Any person including natural persons, partnerships, and corporations shall be entitled to be a member of the Bureau.

(b) There shall be two (2) classes of membership: (i) 'Contributing Members' who shall be those members contributing the sum of One Hundred Dollars ($100.00) or more annually; and (ii) 'Honorary Members' being those members contributing less than One Hundred Dollars ($100.00) annually. Only contributing Members shall be entitled to vote, however, membership meetings shall be open to all members.

(c) Contributing members may acquire multiple voting rights on the basis of one (1) vote for each annual contribution of One Hundred Dollars ($100.00), payable in lump sum or installments, provided, no single membership shall be entitled to more than ten (10) votes. All contributions of contributing members herein mentioned shall be cash and must be paid in full ninety (90) days prior to having any voting rights.

(d) a quorum of the membership shall require attendance of at least fifty percent (50%) of the total voting power of the members. Except as otherwise provided by law, any act of the members shall require a vote of a majority of the voting power of the members present at any meeting duly held. Contributing members may be present and may vote by proxy, provided written authorization of proxy is delivered to the Secretary or General Manager, or the Chairperson of the meeting at least twenty-four (24) hours prior to the commencement of the meeting which is the subject of the proxy."

Under subsection (a), it is permissible to have within the membership of GVB private corporations (businesses, etc.), religious corporations, industrial development corporations, non-profit cooperative associations, and colleges, and institutions of learning, as well as natural persons. Such membership in GVB could be substantial.

GVB is to be governed in accordance with the applicable general corporation laws of Guam.

Corporations, as a rule, give the shareholders the right to elect their board of directors. The contributing members of GVB, though not shareholders, should be accorded such right by virtue of their membership in GVB.

The contributions to be made by the contributing and honorary members in the form of dues may be minimal compared to what may be appropriated by the Government of Guam to the "Tourist-Attraction Fund" in the form of *grants-in-aid;* and the membership dues supplemented by whatever revenues may be raised by GVB pursuant to Section 9105(1) may still not achieve parity with appropriated funds.

Nevertheless, the contributing members of GVB should not be deprived of their rights to have representation in the Board of Directors of GVB merely because the Government of Guam contributes the "lion's share" in the "pot" (Tourist Attraction Fund).

It is the express intent of the Legislature pursuant to Section 9106 that members of GVB should have such representation in the Board.

In the thrust of his oral argument, counsel for the Governor emphatically enunciated that the Organic Act provided for the traditional three branches in the Government of Guam, and nothing more, and that GVB comes within the jurisdiction of the Executive Branch. Could it be possible that the Seventeenth Guam Legislature in its wisdom in enacting Section 9115 of 12 GCA, Chapter 9, Article 1, has expressly determined that GVB should be within the purview of the Legislature?

*"Section 9115. Reservation of Powers.*

The Legislature hereby reserves the power to alter, amend or repeal any or all the sections of this Article."

It is the opinion of the Court that the Guam Visitors Bureau, a public corporation created by the Seventeenth Guam Legislature, is not an instrumentality of the Executive Branch of the Government.

Public Law 17–32 is constitutionally valid. It is not in contravention of 48 U.S.C., Section 1422.

Let Judgment issue.